## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**KIMBERLY MENSIE**                                              **PLAINTIFF**

**VS.**                              **CASE NO. 4:15-CV-755 JM**

**CITY OF LITTLE ROCK**                                          **DEFENDANT**

### ANSWER

Comes Defendant, City of Little Rock ("City"), by and through its attorneys, Thomas M. Carpenter, City Attorney, and Amy Beckman Fields, Deputy City Attorney, and for its Answer to Plaintiff's Complaint, states:

1.      In response to Paragraph 1 of the Complaint, the City is without information sufficient to form a belief as to Plaintiff's residency and can neither admit nor deny the same.  The City admits the remaining allegations contained in Paragraph 1.

2.      The City admits the allegations contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint contains no allegations against the City that can be admitted or denied.  To the extent that any factual allegations are contained in Paragraph 3, the City denies the same.

4.      In response to Paragraph 4 of the Complaint, the City admits that this Court has jurisdiction pursuant to 42 U.S.C. § 1983 and Rule 57 of the Arkansas Rules of Civil Procedure. However, the City affirmatively states that Plaintiff has failed to state a cause of action pursuant to 42 U.S.C. § 1983 or Ark. R. Civ. P. 57.

5.      The City reaffirms and reiterates each and every response to Paragraphs 1 through 4 of the Complaint in response to Paragraph 5 of the Complaint.

6.      In response to Paragraph 6 of the Complaint, the City admits that Plaintiff is African-American.  The City is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore denies the same.

7.      The City is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8.      In response to Paragraph 8 of the Complaint, the City admits that the property located at 310 North Van Buren is zoned R-3, meaning that it is zoned for residential but not commercial use.  The City is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and therefore denies the same. The City affirmatively states that the zoning classification of the subject property is a matter of public record and that Plaintiff had constructive notice of the zoning classification prior to her purchase of the property.

9.      In response to Paragraph 9 of the Complaint, the City admits that Plaintiff applied to have her property re-zoned as set forth in the first sentence of Paragraph 9.  The City is without information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 9 and therefore denies the same.  The City admits that Plaintiff desired to live and perform nail art in her home as alleged in the fourth sentence of Paragraph 9.  According to information Plaintiff provided to the City, she also desired to operate a full service beauty salon from her home. The City denies the allegations contained in the last sentence of Paragraph 9 and affirmatively states that, apart from living at the residence, the other uses that Plaintiff proposed for the property are forbidden by the City's zoning ordinances on property that is zoned R-3.

10.      In response to Paragraph 10 of the Complaint, the City admits that Plaintiff placed signage on the structure located on the property at 310 North Van Buren indicating that her PD-C

application was going to be considered by the Planning Commission as alleged in Paragraph 10. The City is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and therefore denies the same.

11.    The City admits the allegations contained in the first and last sentences of Paragraph 11 of the Complaint.  The City denies the allegations contained in the second sentence of Paragraph 11.

12.    The City denies the allegations contained in Paragraph 12 of the Complaint.

13.    In response to Paragraph 13 of the Complaint, the City admits that a hearing was conducted before the City of Little Rock Planning Commission in September 2007.  The City denies the remaining allegations contained in Paragraph 13.

14.    In response to Paragraph 14 of the Complaint, the City admits that some individuals living in the neighborhood of 310 North Van Buren appeared and spoke at the Planning Commission hearing.  The City admits that the Planning Commission denied Plaintiff's application.  The City denies the remaining allegations contained in Paragraph 14.

15.    In response to Paragraph 15 of the Complaint, the City admits the allegations contained in the first sentence of Paragraph 15 and admits that the Planning Department staff opposed the application as asserted in Paragraph 15.  The City denies the remaining allegations contained in Paragraph 15.

16.    The City admits the allegations contained in the first sentence of Paragraph 16 of the Complaint.  The City is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and therefore denies the same.

17.    The City admits the allegations contained in Paragraph 17 of the Complaint.

18.    The City denies the allegations contained in Paragraph 18 of the Complaint.

19.     In response to Paragraph 19 of the Complaint, the City admits that fewer than 30 days passed between the December 4 vote and Plaintiff's notice of administrative appeal to Circuit Court and fewer than 30 days passed between the January 15 vote and the filing of her first amended notice of appeal.  The City affirmatively states that the decision of the Board was not an administrative matter and was therefore not appealable to Circuit Court, which resulted in dismissal by the Court of her attempted appeal.  The City affirmatively states that subsequent to the Circuit Court's oral ruling granting the City's motion to dismiss Plaintiff's administrative appeal, but prior to entry of a written dismissal order, Plaintiff filed a Complaint in Circuit Court on May 16, 2008, under the same case number as her administrative appeal. The Complaint filed on May 16, 2008, was substantially identical to the complaint filed in this case.  In further response to Paragraph 19, the City denies that Plaintiff's case was non-suited as alleged by Plaintiff.  The City affirmatively states that the City filed a motion seeking dismissal with prejudice of the Plaintiff's case in circuit court, and on July 13, 2015, the Circuit Court entered an order of dismissal without prejudice.  The City admits that this case was filed within one year of the order of dismissal without prejudice

20.     The City reaffirms and reiterates each and every response to Paragraphs 1 through 19 of the Complaint in response to Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint does not contain allegations against the City that can be admitted or denied.  The City affirmatively states that the statements made in Paragraph 21 are not a correct statement of the law.

22.     The City denies the allegations contained in Paragraph 22 of the Complaint.

23.     The City denies the allegations contained in Paragraph 23 of the Complaint.

24.     The City reaffirms and reiterates each and every response to Paragraphs 1 through 23 of the Complaint in response to Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint does not contain allegations against the City that can be admitted or denied.  The City affirmatively states that the statements made in Paragraph 25 are not a complete and accurate statement of the law.

26.     The City denies the allegations contained in Paragraph 26 of the Complaint.

27.     The City denies the allegations contained in Paragraph 27 of the Complaint.

28.     The City reaffirms and reiterates each and every response to Paragraphs 1 through 27 of the Complaint in response to Paragraph 28.

29.     Paragraph 29 of the Complaint does not contain allegations against the City that can be admitted or denied.  The City affirmatively states that the statements made in Paragraph 29 are not a correct statement of the law.

30.     The City denies the allegations contained in Paragraph 30 of the Complaint.

31.     The City denies the allegations contained in Paragraph 31 of the Complaint.

32.     The City reaffirms and reiterates each and every response to Paragraphs 1 through 31 of the Complaint in response to Paragraph 32.

33.     The City denies the allegations contained in Paragraph 33 of the Complaint.

34.     The City denies the allegations contained in Paragraph 34 of the Complaint.

35.     The City acknowledges and joins in Plaintiff's request for trial by jury.

36.     The City affirmatively pleads laches and failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

37.     The City denies each and every material factual allegation contained in the Complaint not specifically admitted herein.

**WHEREFORE**, Defendant, City of Little Rock, prays that Plaintiff's Complaint be

dismissed; and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

Thomas M. Carpenter
City Attorney

By:     /s/ Amy Beckman Fields
        Amy Beckman Fields, #89058
        Attorney for Defendant
        Office of the City Attorney
        500 West Markham, Suite 310
        Little Rock, Arkansas 72201
        (501) 371-4527
        afields@littlerock.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to Stephen B. Niswanger at steve@niswangerlawfirm.com.

/s/Amy Beckman Fields